FILED
CLERK, U.S. DISTRICT COURT

SEP 27 2019

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

PHILLIX SINCLAIR
865 W. Glentana Street
Covina
CA 91722
Phone:   626-993-7232
E-Mail:  phillixsinclair@hotmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PHILLIX SINCLAIR

               Plaintiff,

vs.

UBER TECHNOLOGIES, INC., DBA UBER

EATS

               Defendant

)   Case No: CV 19-8365- CAS-FFMx
)
)   VERIFIED COMPLAINT FOR DAMAGES AND
)   INJUNCTIVE, DECLARATORY, AND OTHER
)   EQUITABLE RELIEF; STATE SUPPLEMENTAL
)   CLAIMS.
)   STATE SUPPLEMENTAL CLAIMS
)
)   DEMAND FOR JURY TRIAL
)

HERE COMES NOW PLAINTIFF, PHILLIX SINCLAIR, ("Plaintiff", or Sinclair"

as Verified Complaint, state and allege as follows

JURISDICTION AND VENUE

1.   Jurisdiction of the foregoing Court exists, pursuant to 28 U.S.C.

Section 1391, pleading Fair Labor Standards Act, ( "FSLA") violations.

2.   Further Pursuant to 28 U.S.C. Section 1331, this Court has

federal question jurisdiction.

3.   Venue is proper, in this Court, in that Defendant, UBER

TECHNOLOGIES, INC., doing business as UberEATS. It provides its  services, as

outlined below, in the City of Covina, and its surrounding  in the County of

Los Angeles, and its surrounding areas.

PARTIES

4.    Plaintiff was at all times material herein as he provided services on behalf of and or at the direct instructions of the Defendant, in the areas stated above.

5. On information and belief, Plaintiff alleges that Defendant, UBER TECHNOLOGIES, INC., also known or doing business as UberEATS ( hereinafter referred to as "ubereats", and or "UberEats", and or "defendant",  is and was at all times material herein.

6. Plaintiff, shall add names of other defendants as they become known to the Plaintiff, and or shall amend the name of the Defendant, UberEATS, as needed.

I

BACKGROUND

7. On or around 26th August 2019, was approved as a driver for the defendant, and began to provide delivery service for the Defendant.

8. Defendant pays ninety seven cents ($0.97) for pick up.

9. Defendant pays sixty-six cents ($0.66) for completed drop off

10.   Defendant pays thirty-nine cents ($0.39) per mile

11.   Defendant pays thirteen cents ($0.13) per minute or $7.80 per hour.

12.   Prior to posting of each "trip" on its mobile application, to solicit drivers, the Defendant has full and complete knowledge of, amongst other things::

   a) The full name and address of the Customer ( to whom the final delivery is to be made ("drop-off" point);

   b) The full name and address of the establishment from where the order is to be picked up from;

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF          2

c) The distance, in miles, from the order pick-up to order drop-off

d) Credit Card Information of the Customer.

13.   Defendant describes each pick-up and delivery as a "Trip"

14.   Each trip begins with a display of a map showing you where you are and where the pick-up is on the map, with an estimated time to pick up point, with an option to accept or decline.

15.   If you accept ( by tapping on the "delivery basket" icon, then it will display the name of establishment to pick up from, the address of the establishment, estimated distance in miles, and estimated time to the establishment relative to where the driver is.

There is no display of where the food is to be delivered, up to this point.

16.   Once you arrive at the pick-up establishment, and once you pick up the order' then you swipe "start Delivery"

17.   Up until you swipe the "start Delivery" you are allowed to cancel delivery, at which point you will be asked the reason for cancelling the delivery; giving you few option to respond by.

18.   If you cancel delivery, you will be paid nothing.

19.   Upon information and belief, the defendant keeps track of all the cancel deliveries.

20.   Upon information and belief, the Defendant keeps track of all the declined deliveries.

21.   Once you swipe "Start Delivery", the application, displays the address of the delivery, the estimated miles, and estimated time.

22.   Further, once you swipe "start deliver" you earn the pick up fee of $0.97.

23.   YOU CANNOT CANCEL DELIVERY, without adverse re-percussions, once you swipe "start Delivery"

24.   If you call customer support to cancel delivery, you will get First Notice, saying that there are too many "incomplete deliveries".

25.   Second time you call in to cancel delivery, you will get a Final Notice, saying that you have too many incomplete deliveries.

26.   The customer support tells you that you will be suspended for "too" many incomplete deliveries.

27.   Upon information and belief, your account may be suspended if you decline the completion of second delivery.

28.   After the final notice, you are compelled to complete future deliveries' regardless of where the delivery is destined for.

29.   Defendant, intently, purposefully, "hide" the destination point, until you swipe the "Start Delivery", and once you swipe "start delivery icon; you cannot refuse to deliver that order, without the suspension, or the fear of suspension.

30.   Plaintiff, is on "Final Notice" and therefore was coerced into completing all deliveries.

31.   Defendant does not pay or reimburse the driver for the return journey to it point of pick up.

32.   Plaintiff has completed approximately 338 trips between August 26, 2019 through September 25, 2019.

33.   On numerous occasions, upon learning the (long) distant delivery, and not being able to cancel delivery, Plaintiff call Defendant, (support) and asked for fixed sum, such as $50.00 for the foregoing delivery, prior to commencing delivery.

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF          4

34.  On numerous occasion, after learning the final delivery destination ( to be far), Plaintiff emailed defendant of fixed sum demand prior to commencing delivery.

35.  On numerous occasions, plaintiff demanded that the Defendant( support contact) that Defendant display the final delivery destination.

36.  To this date the Defendant have failed to display the final delivery destination.

37.

### FIRST CAUSE OF ACTION- BREACH OF CONTRACT

38.  Each "trip" can be classified as a contract, between the Plaintiff and Defendant.

39.  Plaintiff has completed approximately 338 trips.

40.  On each of the "trip" the Defendant withheld, purposefully and intently, to deceive the Plaintiff into accepting the "trip".

41.  Information withheld from the Plaintiff was the final destination or the "drop off" point.

42.  On each of the "trip" the "drop-off" point or the final destination was pertinent to the Plaintiff, in deciding to accept the trip.

43.  Once the "drop-off" point was revealed to the Plaintiff, Plaintiff had NO CHOICE but to make the delivery.

44.  The consequence of refusing to deliver to the final destination, would result in suspension and or expulsion.

45.  Plaintiff formally twice requested a cancellation  of the delivery that resulted in Plaintiff receiving First Notice, and then Final Notice for the second request for cancellation of delivery.

46.   Thereafter Plaintiff was coerced into making all deliveries regardless of the final destination ( whether the final destination was just a mile away from pick up or thirteen (13) miles away.

47.   On numerous occasion, Plaintiff called the Defendant ( Via Delivery Support) demanding specific sums of money for the intended delivery ( because the delivery point was "far"), prior to commencing delivery.

48.   Defendant has not paid the sums demanded by the Plaintiff for those deliveries.

49.   Plaintiff sent e-mails on numerous occasions demanding for additional fixed sum payments for "far" drop off points, prior to commencing the delivery.

50.   Plaintiff has not been paid the amounts demanded prior to commencing delivery.

51.   Defendant routinely deliberately and purposefully, has underpaid Plaintiff for the actual miles traveled to drop-off point.

52.   Defendant has routinely, purposefully and deliberately underpaid for actual time it took to make the delivery.

53.   Defendant is in breach of each and every contract herein mentioned.

54.   Plaintiff suffered damages as a direct or approximate cause of Defendants each breach of contract

55.   Plaintiff suffered damages of no less than $50.00 per trip

56.   Plaintiff is further entitled to punitive damages of no less that $50.00 per trip, per trip' intentionally and purposefully withholding, drop off information, to lure plaintiff into making "long" deliveries.

SECOND CAUSE OF ACTION- CONTRACT VIODABLE BY PLAINTIFF

57.   Plaintiff incorporates, hereinwith, paragraph 1 through 56, as if fully plead hereinwith.

58.   Between 26th August 2019 and September 2019, Plaintiff completed approximately 338 deliveries.

59.   Each and every delivery was completed under coercion.

60.   The coercion being: Plaintiff's failure to complete a delivery after " Start Delivery" is subject to suspension; even if the Plaintiff calls, Defendant, immediately upon learning the delivery drop-off point.

61.   Defendant willfully and deliberately withholds "material" information, viz-a-vie, drop-off point prior to acceptance, to induce the Plaintiff in accepting the delivery.

62.   Deliberate and intentional omission of "material fact" from the plaintiff, makes the contract voidable

63.   Coercion in completing the delivery, after the final drop-off point is revealed, makes that contract voidable.

64.   Defendant purposefully and deliberately withheld material information from plaintiff.

65.   Plaintiff, as a direct or proximate cause of Defendants action, Has been damaged.

66   Plaintiff is entitled, as an equitable relief, to void each and every contract

67. Plaintiff is entitled to receive reasonable compensation for all deliveries completed.

68   Plaintiff is entitled to punitive damages.

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF          7

1

2                    THIRD CAUSE OF ACTION- FAIR LABOR STANDARD ACT

3        69.    Plaintiff incorporates, hereinwith, paragraph 1 through 68, as if

4   fully plead hereinwith.

5        70.    Between 26th August 2019, and 25th September, a period less than 30

6   days, Plaintiff was on Defendant Platform for a period of two hundred and

7   fifty-0ne hours and 17 minutes.

8        71.    Between 26th August 2019 and 25th September 2019, plaintiff

9   completed 338 trips.

10       72.    Defendant has generally, classified all drivers as "Independent

11  Contractors"

12       73.    Plaintiff, and each and every driver are not "Independent

13  Contractors:

14       74.    Defendant, purposefully and intentionally, withholds "material"

15  information from Plaintiff, and each and every driver, for him or them to

16  make informed acceptance of Defendants offer to make deliveries, as an

17  independent contractor.

18       75.    Defendants is engaged in misclassifying Plaintiff, and each and

19  every driver, as "independent Contractor" in violation of "FLSA" 29 U.S.C.

20  Section 201 et. Seq., so as to deprive Plaintiff of Minimum Wage, right to

21  work compensation insurance, unemployment insurance, disability, social

22  security and other benefits.

23       76.    The following acts of Defendant, are demonstrative of the

24  defendant being an employer, pursuant to Fair Labor Standards Act.:

25              a) Prior to be "hired", the Defendant conducts back ground check;

26              b) Defendant controls to which "employee" (driver) to task the

27  "trip"

28

                    VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF            8

c) Defendant controls the manner, such as the route to be taken during delivery, and means, what type of vehicle, by which each delivery is to be completed.

d) Defendant monitors the driver's throughout the delivery, via GPS.

e) Defendant, exclusive right to hire and fire delivery persons at its sole discretion, and the driver is not afforded an appeal process, a violation of Plaintiff's due process rights.

f) Defendant controls the absolute right to set rates and does set rates. Plaintiff cannot and is not allowed to set his own rates for any given delivery.

g) Plaintiff cannot cancel delivery after "start delivery" is swiped.

h) Defendant controls the means of communication with the driver. All communications, such as: emails and texts and phone calls, is sole conducted on Defendant's mobile Application.

i) Defendant controls all information regarding driver Plaintiff, on its own mobile application, and is available to Plaintiff, at defendant's absolute and sole discretion.

j) Defendant controls the manner and means, and amount in which the Plaintiff is to be paid for its services.

WHEREFORE the Plaintiff prays judgment against Defendant(s) as follows:

FIRST CALIM FOR RELIF FOR BREACH OF CONTRACT

1. Damages according to proof at trial but not less than $50.00 per Breach of Contract

2. Punitive damages according to proof at trial

3. For declaratory and injunctive relief;

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF                    9

SECOND CLAIM FOR RELIEF - VOID CONTRACT

1. Damages according to proof at trial, but no less than $50,00 per

   violation(s);

2. For declaratory and injunctive relief;

3. For Court Costs and attorney fees;

4. For punitive damages against the Defendants.

THIRD CLAIM FOR RELIEF - "FLSA"

1. Damages according to proof at trial, but no less than $100,000

2. For declaratory and injunctive relief

3. For Court Costs and attorney fees;

4. For punitive damages against the Defendants.

FOR ALL CLAIMS FOR RELIEF

1. For all court and attorney fees of the suit; and

2. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

DATE 09-20-2019

PHILLIX SINCLAIR

PRO PLAINTIFF

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF             10

VERIFICATION

I, PHILLIX SINCLAIR, the Plaintiff in the Case entitled PHILLIX

SINCLAIR V UBER TECHNOLOGIES, INC; DBA UBEREATS, declare that I am the

Plaintiff in the above entitled matter and state that I have read the

foregoing Complaint and know the contents thereof.

The same is true of my knowledge, except as to the matters therein

stated on information and belief, and as those matters I believe to be true.

I declare (or certify) under penalty of perjury under the laws of the

State of California, that the foregoing is true and correct.

Executed on this the 20TH January 2019, in the City Covina, in the

County of Los Angeles, in the State of California.

_____

PHILLIX SINCLAIR

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF          11